UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4822

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OBAFEMI SMART OLUBUYIMO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (CR-04-74)

Submitted:  September 14, 2005      Decided:  October 31, 2005

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Geremy C. Kamens, Assistant Federal Public Defender, Meghan S. Skelton, Research and Writing Attorney, Alexandria, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Carol A. Bell, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Obafemi Smart Olubuyimo appeals his conviction and eighteen month sentence imposed following a jury trial for possession of an immigration permit, plate or impression, in violation of 18 U.S.C. § 1546(a) (2000); and his conviction and eighteen month sentence imposed following a plea of guilty for failure to appear, in violation of 18 U.S.C. § 3146(a)(1) (2000). For the reasons that follow, we affirm.

Olubuyimo first claims that there was insufficient evidence to support his conviction for knowing possession of counterfeit immigration plates. Upon a careful review of the record, and construing all inferences in favor of the Government, we find substantial evidence supports the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Olubuyimo next contends that the district court improperly refused his oral request to instruct the jury on spoliation of evidence. "The standard of review for determining whether the district court should have given a jury instruction is abuse of discretion." United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999). "A district court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: '(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to

give the requested instruction seriously impaired the defendant's ability to conduct his defense.'" United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (citations omitted). Based on the record, we find that the district court's failure to give the spoliation instruction was not an abuse of discretion and did not seriously impair Olubuyimo's ability to conduct his defense.

Olubuyimo also asserts that the district court prevented him from exercising his Sixth Amendment right to present a defense through: (1) limiting the examination of his witnesses; and (2) its explanation to a defense witness of his Fifth Amendment right against self-incrimination. This court reviews a district court's evidentiary rulings for abuse of discretion. United States v. Leftenant, 341 F.3d 338, 342 (4th Cir. 2003). Any error "that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a); see also Fed. R. Evid. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."). Having carefully reviewed the record in this case, we conclude that Olubuyimo failed to show that the district court abused its discretion or affected his substantial rights.

Finally, Olubuyimo claims that the two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2003) violated the Sixth Amendment because the enhancement was based upon facts found by the judge, not the jury.

Assuming that Olubuyimo preserved this issue by objecting at his sentencing hearing based upon <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), this court's review is de novo. <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003). On the facts of this case, including the district court's unambiguous statement at sentencing that it would impose an eighteen month sentence regardless of the impact of the <u>Blakely</u> decision upon the federal sentencing guidelines, we conclude that any error under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), is harmless.

Accordingly, we affirm Olubuyimo's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>